UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA :

v. : No. 3:10CR148(EBB)

AARON HIPPOLYTE :

RULING ON MOTION FOR RECONSIDERATION AND REVERSAL OF FINDINGS

Pending before the Court is the motion of the defendant, Aaron Hippolyte, for reconsideration and reversal of certain factual findings the Court made at the time of his sentencing. For the following reasons, the motion [doc. # 592] is DENIED.

The defendant was sentenced on February 4, 2011 to a non-guideline sentence of 37-months incarceration after he pleaded guilty to one count of an indictment charging him with conspiracy to distribute marijuana. The sentence was eleven months below the bottom of the recommended guideline range of 46 to 57 months set forth in the defendant's presentence report ("PSR"). The PSR calculated the defendant's sentencing range, in part, by applying a two-level firearm enhancement pursuant to U.S.S.G. § 2D1.1(b)(1) to his otherwise applicable offense level.[1] According to the PSR, the firearm enhancement was warranted because it was foreseeable

---

[1]The PSR's calculation of the defendant's total offense level and recommended guideline sentencing range was at odds with the stipulation set forth in the defendant's plea agreement. The plea agreement calculated the defendant's base offense level at 22 under U.S.S.G. § 2D1.1(c)(9) based on the defendant's relevant and foreseeable conduct of at least 60, but less than 90 kilograms of marijuana. After a three-level reduction for acceptance of responsibility, his resulting total offense level would be 19. The plea agreement also stipulated that the defendant was in criminal history category III. With a CHC III and a total offense level of 19, the agreement calculated a guideline sentencing range of 37 to 46 months. The plea agreement did not contemplate an enhancement for use or possession of firearms.

to the defendant that the other members of the conspiracy to which he pleaded guilty would have used or possessed firearms.

Before sentencing, the defendant objected to the two-level firearm enhancement, but it was not removed from the PSR. At sentencing, the Court found that the firearm enhancement was appropriate for the reasons given in the PSR and stated that it believed the Probation Officer's calculation of a 46 to 57-month guideline range was correct and thus adopted and accepted it.[2] Nonetheless, the Court's adoption of the PSR's guideline calculations and findings regarding the correctness of the two-level firearm enhancement ultimately had no effect on the defendant's non-guideline sentence of 37 months, which the Court imposed in recognition of and to effectuate the stipulation set forth in the parties' plea agreement that the defendant's guideline range would be 36 to 47 months.[3]

The defendant did not appeal his sentence or conviction and has not filed any collateral challenge to either the imposition or execution of his sentence.

---

[2] Fed. R. Crim. P. 32(i)(3)(B) requires a sentencing court to decide a dispute over a matter in a PSR "or determine that a ruling is unnecessary either because the matter will not affect sentencing or because the court will not consider the matter in sentencing." There is no dispute here that the Court satisfied its obligations under this rule. See United States v. Morton, 157 F.3d 46, 49-50 (2d Cir. 1998) ("A sentencing court satisfies its obligations to clearly resolve disputed sentencing issues if it indicates, either at the sentencing hearing or in the written judgment, that it is adopting the recommendations of the probation officer in the PSR.").

[3] At sentencing, the government said it would honor its agreement and advocated for a sentence in the range set forth in the plea agreement. It took no position with regard to the correctness of the firearm enhancement, but noted that, while the defendant was not involved in any of the violence and firearms connected to the activities of the drug distribution conspiracy he was part of, his conduct itself was nonetheless serious.
The government has not filed an objection or other response to the defendant's motion.

Now, more than four months after sentencing, the defendant moves for reconsideration or reversal of the Court's finding that the firearm enhancement was appropriate. He asserts that this finding is causing him substantial prejudice with regard to his participation in the BOP's 500-hour substance abuse program the Court ordered. Specifically, the defendant states that the BOP has advised him that if he successfully completes the 500-hour program, he would be ineligible for any statutory sentence reduction because his offense of conviction was attended by "carrying, possession, or use of a firearm."[4] According to the defendant, he would qualify for early release if he completes the 500-hour drug program if the Court reconsidered and reversed its finding regarding firearms.

Even if the Court were inclined to grant the requested relief, which it is not, the defendant does not specify, and the Court is not aware of, any statute, regulation, rule or other authority that would permit the Court to do so.

Although the defendant labels his motion as one for reconsideration, Rule 7(c) of the Local Rules of Civil Procedure (made applicable to criminal proceedings by D. Conn. L. Cr. R. 1(c)) he has not met the requirements for relief under this rule. First, the motion is untimely because it was not filed within fourteen days of the filing of the decision or order from which

---

[4] 18 U.S.C. § 3621(e)(2)(B) provides that the BOP may reduce by up to one year the period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a substance abuse program. The BOP's implementing regulation, 28 C.F.R. § 550.58(a)(1)(vi)(B), categorically denies such early release to prisoners whose current offense is a felony attended by the "carrying, possession, or use of a firearm." In promulgating this rule, the BOP stated "Congress did not mandate that all eligible inmates must receive the early release incentive. The reduction in sentence is an incentive to be exercised at the discretion of the Bureau of Prisons." 65 Fed. Reg. 80745, 80747-748 (Dec. 22, 2000). In Lopez v. Davis, 531 U.S. 230, 238-39, 244 (2001), the Supreme Court held that including this category of inmates as among those ineligible for sentence reductions is a permissible exercise of the discretion granted to the BOP by § 3621(e)(2)(B).

relief is sought. Second, the motion is not accompanied by a memorandum setting forth concisely the matters or controlling decisions which counsel believes the court overlooked in the initial decision or order. Third, the defendant has failed to meet the strict standard for granting a motion for reconsideration. See Shrader v. CSX Transp. Inc., 70 F.3d 255, 257 (2d Cir. 1995) (noting that reconsideration will "generally be denied unless the moving party can point to . . . matters . . . that might reasonably be expected to alter the conclusion reached by the court."). Indeed, there are only three possible grounds that warrant reconsideration: (1) an intervening change in the law; (2) the availability of new evidence not previously available; and (3) the need to correct a clear error of law or prevent manifest injustice. McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983). Here, the defendant has not identified one of these grounds. Rather, he seeks solely to relitigate an issue already decided by the Court – that the factual findings supporting the PSR's application of the two-level enhancement for firearms pursuant to U.S.S.G. § 2D1.1(b)(1) were proper and the enhancement was correct and would remain in the PSR even though it would not be taken into account in sentencing. The defendant simply has failed to satisfy the strict standards that warrant reconsideration.

Further, the defendant does not claim that there was any clerical or inadvertent error or mistake that would justify correction of his sentence pursuant to Rule 35(a), Fed. R. Crim. P, even if the motion had been filed within the required time period. The defendant is not seeking correction of a sentence that resulted from arithmetic, technical or other clear error. Even if the Court were to have a change of heart as to the appropriateness of the finding, such relief is not within the scope of this rule. United States v. Abreu-Cabrera, 64 F.3d 67, 72 (2d Cir. 1995).

The same is true with regard to Fed. R. Crim. P. 36, which allows a court to fix a clerical error in a judgment, order, or other part of the record, but does not allow a court to amend a sentence to effectuate an intention not expressed at sentencing. United States v. Keiffer, 257 Fed. App'x 378, 380 (2d Cir. 2007). The defendant has not identified an error that caused the judgment to incorrectly reflect the contemporaneous intent of the Court at the time of sentencing. Rather, the record correctly reflects the Court's intent to apply a two-level firearm enhancement to the defendant's guideline calculation based on a finding that the criminal conspiracy the defendant admitted belonging to would be attended by the use or possession of firearms by other conspirators, even if the defendant did not use or possess them himself. And this is so even though the enhancement ultimately had no effect on the non-guideline sentence the Court imposed.

Similarly, Rule 32, which pertains to presentence reports, does not, standing alone, give a district court jurisdiction to correct inaccuracies in a PSR after a defendant has been sentenced. United States v. Giaimo, 880 F.2d 1561 (2d Cir. 1989) (citing United States v. Ursillo, 786 F.2d 66, 68 (2d Cir. 1986) (doubting that a district court has jurisdiction to delete alleged inaccuracies from a defendant's presentence report over one year after sentencing, from which no appeal was taken)).

Finally, as a substantive matter, there is no merit to the defendant's motion. In cases where a sentencing court disregards disputed material in a PRS, the general rule is that such disregarded material, even if inaccurate, is not deleted from a PSR. As the Second Circuit explained, "[i]f inaccurate statements are generally not deleted, accurate though allegedly inflammatory statements ought also not be deleted." United States v. Brickhouse, 75 Fed. App'x.

39, 2002 WL 22121018 (2d Cir. 2003). As the court noted, a defendant is entitled to challenge the contents of his PSR through administrative channels. Id.

In sum, the defendant has not cited, and the Court is not aware of, any legal authority that would allow the Court to entertain the defendant's motion, even if it had any substantive merit. This does not mean, however, that the defendant is not entitled to pursue other avenues to challenge the BOP's discretion with regard to a sentence reduction pursuant to 18 U.S.C. § 3621(e)(2)(B).

For the foregoing reasons, the defendant's motion for reconsideration/reversal of sentencing findings [doc. # 592] is DENIED.

SO ORDERED.

/S/ Ellen Bree Burns SUSDJ
ELLEN BREE BURNS
SENIOR UNITED STATES DISTRICT JUDGE

Dated this 22 day of September, 2011 at New Haven, Connecticut.